IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY EARL AGEE, | ) | |
| | ) | |
| Petitioner, | ) | 8:08CV355 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Timothy Earl Agee's ("Agee") Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1). Respondent filed an answer (Filing No. 11), brief on the merits of the petition (Filing No. 20), State Court Records (Filing Nos. 12 and 14), and a reply brief (Filing No. 23). Agee filed a brief on the merits of the petition (Filing No. 22). This matter is deemed fully submitted.

### I. BACKGROUND

The pertinent factual background is set forth in *State v. Agee*, No. A-05-1153, 2006 WL 2129117 (Neb. Ct. App. Aug. 1, 2006),[1] and the Court summarizes it here. On November 23, 2004, the State of Nebraska (the "State") charged Agee with unlawful possession with intent to deliver a controlled substance,

---

[1] Respondent also filed a copy of this unpublished opinion with the State Court Records in this matter (Filing No. 12-2, Attach. 1).

marijuana.² The State later amended the charges against Agee to include a habitual criminal charge. *Id.* at *1.

Prior to trial, Agee filed a motion to suppress, "seeking to suppress evidence recovered as a result of an October 8, 2004, search of a certain residence in Omaha, Nebraska." *Id.* The basis for the motion to suppress was "that the warrant was issued without sufficient probable cause to believe evidence pertaining to illegal activity would be found inside the residence and that the information contained in the affidavit in support of the search warrant was stale." *Id.* The Douglas County, Nebraska, District Court denied the motion to suppress.

Soon after the denial of the motion to suppress, Agee filed a separate motion for a hearing based on *Franks v. Delaware*, 438 U.S. 154 (1978). In particular, Agee claimed that he was entitled to a *Franks* hearing because "the Omaha police officers who completed the affidavit and application for the issuance of the search warrant and amended search warrant in this case did so with reckless disregard for the truth." *Id.* The Douglas County District Court held a *Franks* hearing, during which Agee presented testimony from police officers involved in the October 8, 2004, search. The Douglas County District Court

---

²On the same date, the State of Nebraska also filed a separate charge against Agee, theft by deception. The theft charge was later dismissed without prejudice and does not appear to be at issue in this case.

denied the *Franks* motion, specifically finding that "no knowing and intentionally false statements were made by the officers who completed the search warrant application and that no statements in the amended search warrant application were made with reckless disregard for the truth." *Id.*

At a jury trial, the State presented testimony from several Omaha police officers concerning the October 8, 2004, search and various items recovered as a result of that search, including nearly five pounds of marijuana. The jury found Agee guilty of the possession charge. *Id.* After the jury trial, Agee's counsel withdrew and the Court appointed replacement counsel. *Id.* at *2. Agee's new appointed counsel filed a motion for new trial, alleging ineffective assistance of counsel. After a hearing, the Douglas County District Court denied the motion for new trial. *Id.* Agee was thereafter sentenced to 10 to 10 years imprisonment. *Id.*

Agee filed a direct appeal, and his conviction was affirmed by the Nebraska Court of Appeals on August 1, 2006. *Id.* at *17. The Nebraska Supreme Court overruled Agee's petition for further review (Filing No. 12-3, Attach. 2, at CM/ECF p. 2). Agee thereafter filed a verified motion for post-conviction relief in the Douglas County, Nebraska, District Court (Filing No. 12-15, Attach. 14, at CM/ECF pp. 5-39). In a detailed, 22-page opinion, the Douglas County District Court denied post-

conviction relief. (*Id.* at CM/ECF pp. 40-61.) Agee appealed that order, and the Nebraska Court of Appeals summarily affirmed the denial of post-conviction relief on May 6, 2008 (Filing No. 12-7, Attach. 6, at CM/ECF p. 1). Agee filed a petition for further review, which was denied by the Nebraska Supreme Court on July 23, 2008 (Filing No. 12-8, Attach. 7, at CM/ECF p. 2).

On August 6, 2008, Agee filed his petition in this Court. Agee seeks a writ of habeas corpus because:

> Claim One: Agee's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure because the amended warrant was invalid for the following reasons: (1) it was obtained based on the affiant officer's statement that evidence was in plain view but the evidence was not in plain view; (2) the affidavit in support of the amended warrant failed to show probable cause; (3) the police report contains "two different versions" of the events leading up to the amended warrant; and (4) the affiant officer acted with "reckless disregard for the truth" in obtaining the amended warrant. ("Claim One").
>
> Claim Two: Agee's conviction was obtained as a result of ineffective assistance of counsel because his trial counsel did not discover evidence before the suppression hearing, did not raise the issue that the amended warrant violated the "plain view warrant requirement in a residents [sic];" and did not raise the issue that the affidavit in support of the amended warrant

-4-

>failed to show probable cause and contained statements inconsistent with the police reports ("Claim Two").
>
>Claim Three: Agee's conviction was obtained as a result of ineffective assistance of counsel because his appellate counsel did not raise the issues listed in Claim Two on direct appeal in support of the claim that his trial counsel was ineffective ("Claim Three")
>
>Claim Four: In denying Agee's motion for post-conviction relief, the Douglas County District Court violated his right to due process, right to appointment of post-conviction counsel, and right to an evidentiary hearing ("Claim Four").
>
>Claim Five: Agee's habitual criminal conviction was obtained as a result of an "unconstitutional conviction" for unlawful possession with intent to deliver a controlled substance ("Claim Five").

(Filing No. 6 at CM/ECF pp. 1-2.)

Where necessary, further facts are provided below. With that in mind, the Court turns to the merits of Agee's claims.

## *II. ANALYSIS*

Respondent argues that some of Agee's claims are procedurally defaulted, and that even if the Court determines that the claims are not procedurally defaulted, each claim fails on the merits. (*See generally*, Filing Nos. 20 and 23.) Even when there is a procedural question presented, a court may

-5-

alternatively reach the merits where the record is adequate to do so. *See*, *e.g.*, *Winfield v. Roper*, 460 F.3d 1026, 1038 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 2256 (2007) (holding that, where the record before the court presented adequate information upon which to base a decision on the merits of the petitioner's ineffective assistance of counsel claim, a court may alternatively consider the merits of the petitioner's claim rather than concentrating only on procedural questions); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.") (en banc). The Court therefore declines to resolve the procedural default issues raised by respondent and instead addresses the merits of Agee's claims. For the reasons set forth below, each of Agee's claims fails on the merits.

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a

"decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, Section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown*

*v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

*B. Claim One*

Agee alleges in his Claim One that his conviction is invalid because it was based on an unconstitutional search and seizure, in violation of the Fourth Amendment (Filing No. 6 at CM/ECF p. 1). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). In practice, this means that "Fourth Amendment claims asserted by state prisoners in federal habeas petitions are to be treated differently from other constitutional claims . . . ." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994).

In *Willett*, the Eighth Circuit set forth a two-part test for Fourth Amendment habeas claims:

> [A] Fourth Amendment claim is
> *Stone*-barred, and thus unreviewable
> by a federal habeas court, unless
> either the state provided no
> procedure by which the prisoner
> could raise his Fourth Amendment

-8-

> claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system.

*Id.* Part one of the *Willett* test is "simple enough -- either the state has a system available for raising Fourth Amendment claims or it does not." *Id.* at 1272. Further, because the *Stone* opinion was "intended to short-circuit the district court's review of the record," part two of the test "does not require a probing review of the state court record." *Id.* at 1271-72. A "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process" under *Willett*. *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007).

Applying the *Willett* two-part test to Agee's Claim One, there is no question that the Nebraska courts provided a procedure by which Agee could raise his Fourth Amendment claims. Nebraska procedures allowed for Agee to raise his Fourth Amendment claims in his pre-trial motion to suppress and evidentiary hearing, to challenge those findings on direct appeal before the Nebraska Court of Appeals, and in a petition for further review before the Nebraska Supreme Court. The Nebraska courts heard Agee's evidence and arguments and determined that there was no Fourth Amendment violation. Agee does not claim that there was an "unconscionable breakdown" in Nebraska's

process or that he was prevented from raising his Fourth Amendment claims throughout this process.  Rather, Agee simply re-argues the merits of his Fourth Amendment claims, including issues of probable cause and the truthfulness of the search warrant.  (*See generally*, Filing No. 22.)  Stated another way, Agee's Claim One amounts to a "mere disagreement with the outcome of" the Nebraska courts' rulings on his Fourth Amendment claims.  The Court cannot consider such claims, and finds that the Nebraska courts provided an adequate procedure for Agree to raise his Fourth Amendment claims, and that Agee was not foreclosed from using that procedure.  In light of this, Claim One will be dismissed.

### C.   *Claims Two and Three*

For his Claims Two and Three, Agee argues that his trial and appellate counsel were ineffective (Filing No. 6 at CM/ECF pp. 1-2).  A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

1.   The *Strickland* Standard

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense.  *Id. at 687*; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

-10-

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

In addition, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the

-11-

defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

2.  Agee's Claims

Agee claims that his trial counsel, Anthony S. Troia ("Troia"), was ineffective because he failed to properly prepare for and challenge the search warrant and probable cause at the motion to suppress and *Franks* hearings (Filing No. 1 at CM/ECF p. 6). Agee also claims that his appellate counsel, Brian S. Munnelly ("Munnelly") was ineffective for failing to adequately raise trial counsel's ineffectiveness on direct appeal. (*Id.* at CM/ECF p. 6.) The claims relating to Troia's effectiveness were addressed by the Douglas County District Court in the motion for new trial and post-conviction proceedings, and by the Nebraska Court of Appeals on direct appeal (Filing No. 12-18, Attach. 17, at CM/ECF pp. 73-74; *Agee*, 2006 WL 2129117 at \*13-17).

The Douglas County District Court was the first to address the claims relating to Troia, presented by Agee in his motion for new trial. After a hearing on the motion for new trial, including the testimony of several witnesses, the Douglas County District Court found that:

> Mr. Troia filed a motion to
> suppress on behalf of the
> Defendant. The subject matter of
> that motion, or at least part of it
> was, in fact, this very warrant and
> the affidavit that was filed in
> support of the warrant and was
> dealt with by the Court that
> day. . . . Mr. Troia alleged that
> the warrant was defective because
> of the affidavit containing false
> statements on the part of Officer

-13-

> Martinec, as opposed to what the police reports indicated, that it was actually Officer Shada who saw the marijuana in plain sight. So he was allowed to put those witnesses on and go through that testimony and, frankly, as bad as the evidence was for the Defendant at the first motion to suppress when it was ruled on against him, it became even more apparent that the affidavit was more than sufficient to justify the issuance of the search warrant in this case . . . . [The] affidavit was explored and, once again, that motion was overruled. There is nothing ineffective about what Mr. Troia did in that regard.

(Filing No. 12-18, Attach. 17, at CM/ECF pp. 73-74.) The Douglas County District Court weighed all of the evidence and determined that, "even if [Troia] had been in some way ineffective, the results of the trial would not have been any different as the evidence was overwhelming." (*Id.* at CM/ECF pp. 75-76.) The Nebraska Court of Appeals affirmed the denial of the motion for new trial on direct appeal. In particular, the Nebraska Court of Appeals determined that Troia was not ineffective and that the motion for new trial was properly denied (Filing No. 12-2, Attach. 1, at CM/ECF p. 16).

On post-conviction, the Douglas County District Court again addressed Agee's ineffective assistance of trial counsel argument. In denying post-conviction relief, that court stated:

-14-

> In his assignment of error, Agee argues that his attorney failed to make an adequate challenge during the suppression hearing to show the search was illegal and the warrants invalid. In support of this contention, Agee repackages his argument that the search warrants violated Article I § 7 of the Nebraska Constitution and the 4th Amendment to the United States Constitution as an ineffective assistance of counsel claim. . . . Theses [sic] issues regarding the search warrants have already been resolved by the Nebraska Court of Appeals. First, the Court of Appeals determined that officer Shada had probable cause for a warrantless search of the garbage bag, noting that he could use his senses, as well as his training and experience, to determine the existence of probable cause. . . . Furthermore, the Court of Appeals found no misconduct on the part of Officer Martinec. The Court of Appeals noted that the amended affidavit stated exactly what she observed when she entered the bedroom. Agee contends that his [trial] attorney did not make objections to this evidence and preserve it for appeal. To the contrary, these issues were argued before this Court and litigated on direct appeal.

(Filing No. 12-15, Attach. 14, at CM/ECF pp. 54-55.) Regarding Agee's remaining arguments supporting his ineffective assistance of trial counsel claim, the Douglas County District Court found that "Agee fails to allege facts showing actual prejudice based on his counsel's alleged shortcomings." (*Id.* at CM/ECF p. 56.)

-15-

The claims relating to Munnelly's effectiveness were also rejected by the Douglas County District Court in the post-conviction proceedings. In addressing Agee's claims that Munnelly failed to raise Troia's failures with respect to the Fourth Amendment issues, the Court found that Agee failed to "allege facts showing any prejudice, especially in light of the Nebraska Court of Appeal's [sic] determination on direct appeal that the search was constitutional. Agee also claims a failure to correctly argue issues assigned in the brief, but he does not state what issues or in what manner counsel was deficient, nor how this failure prejudiced his defense." (*Id.* at CM/ECF p. 58.)

Respondent argues that the foregoing findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts (Filing No. 20 at CM/ECF p. 13) Indeed, as set forth above, the Court must grant substantial deference to the Nebraska state court decisions. The Court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions on Agee's ineffective assistance of counsel claims are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Agee has not submitted any evidence, let alone clear and convincing evidence, that the Douglas County District Court or the Nebraska

Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, Agee's Claims Two and Three will be dismissed.

### D.   *Claim Four*

For his Claim Four, Agee argues that he was denied due process in his post-conviction proceedings (Filing No. 1 at CM/ECF p. 7). As set forth by the Eighth Circuit:

> An application for a writ of habeas corpus can be granted if a prisoner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the Constitution does not guarantee the existence of state post-conviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L. Ed.2d 539 (1987), "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application]." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990). Any error in . . . state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus.

*Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007). Thus, any claim relating to defects in Agee's post-conviction proceedings is not a cognizable habeas claim. Claim Four will be dismissed.

### E.  *Claim Five*

Agee's Claim Five is difficult to decipher. As best as the Court can tell, Agee claims that, because his Claims One through Four are meritorious and his possession conviction is unconstitutional, the finding that he is a habitual criminal is also unconstitutional (Filing Nos. 1 at CM/ECF p. 7; 22 at CM/ECF pp. 13-14). Agee is incorrect that Claims One through Four are meritorious and that his possession conviction is unconstitutional. Rather, those claims lack merit and will be dismissed. Because Agee makes no other constitutional argument regarding his habitual criminal conviction, Claim Five will also dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 14th day of July, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court